**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOMAS LOPEZ MENEWEATHER,

Plaintiff - Appellant,

v.

B. POWELL; et al.,

Defendants - Appellees.

No. 09-17445

D.C. No. 4:07-cv-04204-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Tomas Lopez Meneweather appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations arising from unsanitary conditions of confinement. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

grant of summary judgment, *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 724, 746 (9th Cir. 2003), and decision regarding qualified immunity, *Elder v. Holloway*, 510 U.S. 510, 516 (1994).  We reverse and remand.

Viewing the evidence in the light most favorable to Meneweather, he has raised a genuine issue of material fact as to the deliberate indifference of defendants B. Powell, D. Ferry, T.G. Miller, G. Bailey, A. Meyers, J. Ippolito, R. Reyes, T. Rincon, and Nurse O'Kelley with regard to the unsanitary conditions of his cell.  *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Defendants were not entitled to qualified immunity because, again viewing the evidence in the light most favorable to Meneweather, it would have been clear to reasonable correctional officers in defendants' positions that their failure to address the unsanitary conditions of Meneweather's cell were unlawful.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Accordingly, we reverse the judgment and remand for further proceedings on Meneweather's deliberate indifference claims against B. Powell, D. Ferry, T.G. Miller, G. Bailey, A. Meyers, J. Ippolito, R. Reyes, T. Rincon, and Nurse O'Kelley.

**REVERSED and REMANDED.**